STATE of Oklahoma ex rel. OKLAHOMA
BAR ASSOCIATION, Complainant,

v.

Robert N. WOODARD, Respondent.

SCBD No. 1755.

Supreme Court of Oklahoma.

Oct. 25, 1960.

Rehearing Denied June 20, 1961.

Wm. E. Dougherty, Jr., Harris Van Wagner, Shawnee, Harry G. Foreman, Norman, for complainant.

Duke Duvall, DeVier Pierson, Oklahoma City, Duvall & Head, Oklahoma City, of counsel, for respondent.

PER CURIAM.

This action involves a review by this Court of the proceedings instituted by the Central Committee of the Executive Council of the Oklahoma Bar Association, whereby charges of professional misconduct were filed against Robert N. Woodard, a member of the Oklahoma Bar Association of Oklahoma County, as provided by the Rules Creating, Controlling and Regulating the Oklahoma Bar Association. The Central Committee found that respondent had violated Canons 27 and 28, 5 O.S.A. c. 1, Appendix 3, by soliciting legal business and recommended that his license to practice law in Oklahoma be suspended for a period of two years. The Oklahoma Bar Association adopted the report of the Central Committee and made the same recommendation based upon the report of the Trial Examiner.

The complaint here involved consists of 24 different counts and alleges a violation of the Canons of Ethics of the Oklahoma Bar Association, which charged the solicitation by respondent of legal business, personally and through his agents. The Trial Examiner dismissed approximately one-half of the charges filed. The remaining number were charges of soliciting legal business.

The record involved contains almost 1,000 pages, including the counts that were later dismissed. We have carefully read all of the testimony taken at the various hearings before the Trial Examiner and concerning the various charges that were not dismissed. The case has been well briefed by the respondent and the Bar Association.

The respondent has submitted five propositions, the first of which is as follows:

"Robert N. Woodard is presumed to be innocent of the charges brought against him and the burden is on the Bar Association to prove by clear and convincing evidence that he did the acts alleged and acted with fraudulent and dishonest motives in so doing. The proof must establish his guilt to a reasonable certainty and more than a preponderance of the evidence is required."

Under this proposition respondent cites eight cases, but none of them cover solicitation of legal business. They involve principally charges that the attorney acted dishonestly in regard to money matters, and

none of them involve solicitation of legal business.

The complaint against respondent was filed March 14, 1956. At that date the proof necessary by the Rules of the Oklahoma Bar Association as amended December 12, 1952, was defined only by saying "the burden shall be upon the petitioner to show wherein such recommendation is erroneous, unlawful or unjustified." Article VI, § 3(5) (g). On October 6, 1958, by order of this Court in SCBD No. 1730, Article VII, Section 20, Subsection (d) was amended to read as follows:

"The court will adopt a finding of fact made by the Executive Council unless, upon a consideration of all of the record certified up, as above provided, it is of the opinion that such finding is not supported by a preponderance of the evidence." 5 O.S.A. c. 1 Appendix

■ The case of State ex rel. Oklahoma Bar Association v. Hatcher, 1949, 201 Okl. 683, 209 P.2d 873, which used the words "clearly proved' in regard to the evidence that must be produced in a case of this kind, is perhaps referred to in cases of this character more often than any other case. However, in State ex rel. Oklahoma Bar Association v. Hamilton, Okl., 274 P.2d 383, 384, decided in 1954, we used the words "clear and convincing." The Oklahoma Bar Association contends that this Court has decided that the required proof is "by a preponderance of the evidence" as said specifically in the revised Rules of 1958. We might add that whether the required proof is by "clear and convincing" or by "a preponderance of the evidence", we are forced to conclude that under either rule the evidence produced in the case before us is sufficient to warrant the conclusion that respondent was shown to be guilty of unprofessional conduct in the solicitation of legal business.

Respondent's proposition No. 2 is as follows:

"The evidence does not support the finding of the Trial Examiner, as

adopted and approved by the Central Committee of the Oklahoma Bar Association, that Robert N. Woodard was guilty as charged in Counts Numbered 1, 2, 5, 7, 8, 14, 17, 19, 20 and 22 of the Complaint and that Robert N. Woodard has, by his acts and deeds as alleged in said Counts of the Complaint, engaged in an unprofessional course of conduct, in violation of the Canons of Ethics adopted by the Supreme Court of Oklahoma for the Oklahoma Bar Association."

We will mention a number of the above Counts in the order in which they were named and discussed by the Bar Association.

Count No. 19 was admitted by respondent. It is admitted that Holly F. Fortune, involved in Count No. 19, was solicited for legal business by respondent.

Count No. 20 involves the activities of Howard Haworth in soliciting a personal injury claim of John Kostecki, of Waynoka, Oklahoma. The evidence clearly warrants the conclusion that Haworth and respondent, Woodard, actually went to Kostecki's home in the town of Waynoka.

Count No. 22 involves solicitation of a personal injury claim by Albert E. Reich of Wewoka, Oklahoma. Respondent admits direct and personal solicitation at the home of Reich in Wewoka. He does offer evidence that this personal contact and solicitation was made at the suggestion and request of a third person. The testimony of Elmer Belyeu shows that G. J. Walker, who directly solicited this case for respondent, was at the time the office manager for respondent and in charge of "handling this business for him" while respondent was vacationing in California. Respondent admits that Walker "over-stepped his bounds."

In Count No. 14, it is alleged that Bill Woodard, a nephew of respondent, telephoned Frank H. Tate at his home in Oklahoma City concerning his injury at the National Tank Company, on behalf of Bob Woodard (respondent). This telephone call was made from respondent's office and Bill

Woodard informed Tate that he had failed to make out Form 3 for this industrial accident which occurred when he was working for the National Tank Company. Bill Woodard left respondent's office and proceeded to Tate's home. Respondent admits that his nephew, Bill, was "over-zealous in his recommendation" but the evidence shows that the respondent acquiesced in this solicitation.

Counts 1, 2, 5, and 17, appear to involve the activities of James S. Sweeney, who appeared (with respondent) in the hospital room of Mr. David Farve in Ardmore without any solicitation but suggested that the injured party had not filed his Form 3 before the State Industrial Court.

Counts 7 and 8 involve the personal injury claim of Tulon Walden of Meeker, Oklahoma, and Mrs. Nola Irene Rutledge of Ardmore, Oklahoma, and respondent admits at page 79 of his brief that he was negligent in not making further inquiry when the manner in which the cases were referred to him by others was suspicious.

We think the evidence in the record is sufficient to support the findings of the Trial Examiner in each one of the foregoing cases.

Respondent's proposition No. 3 is as follows:

"The proof has not established by clear and convincing evidence that any alleged acts of misconduct on the part of the 'Agents' alleged in the various counts is imputable to Robert N. Woodard, or that these 'Agents' were paid solicitors or runners for Robert N. Woodard."

We think it clear that the evidence shows without question that a majority of those who solicited cases for respondent were close friends and associates. We cannot conceive of the failure of respondent to know that his employees, friends and relatives were soliciting legal business for him under the evidence before us.

In proposition 4 respondent contends that none of the violations of the Rules of Ethics with which he was charged involved moral turpitude or a depraved character that would warrant severe disciplinary action. Proposition No. 5 may be considered along with No. 4. No. 5 consists of a discussion of the personal background, reputation and character of respondent and that should his license to practice law be suspended for two years, as recommended, it would do him irreparable harm and damage.

In his supplemental brief, respondent submits a detailed story of his physical disabilities and financial difficulties in becoming a member of the Oklahoma Bar Association. It is even argued that since most of the violations alleged and proven happened several years ago that they should be considered barred by the Statutes of Limitation. No opinion by this Court sustaining that contention is cited.

The revised Rules of the Oklahoma Bar Association adopted October 6, 1958, art. VII, § 16(b), provide that "on a charge of solicitation of professional employment through a lay person or agency, it shall not be necessary to prove that such lay persons or agency received compensation."

The above quoted provision clearly eliminates the contention of respondent that the Bar Association failed to prove that respondent ever paid any of his agents any sum of money whatever for soliciting legal business for him.

We have read and considered the supplemental brief filed by respondent and agree that it would be extremely harmful to him for his license to be suspended for a term of two years at this time. He has become a busy and no doubt prosperous attorney at law but none of these facts excuse him of the charge of violating the Canons of Ethics which prohibit the soliciting of legal business.

In the case of In re Green, 173 Okl. 460, 49 P.2d 197, it was held by this Court that disbarment is not a proceeding by way of punishment, but a measure necessary to the protection of the public who have the right to expect that the courts

964

will be vigilant in withholding and withdrawing attorneys' certificate of qualification and character upon which the public rely.

In the Hatcher case, supra, it was held [201 Okl. 683, 209 P.2d 874]:

"In disciplinary proceedings involving professional misconduct, technical legal rules should not control, where the attorneys charged are given a full and fair opportunity to be heard and to refute and explain the charges."

We think the proof is sufficient to establish by clear and convincing evidence that respondent is guilty as charged and that the findings and recommendation of the Oklahoma Bar Association should be adopted and that respondent be, and is hereby suspended from the practice of law for a period of two years from the date this judgment becomes final.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.

JACKSON, J., concurs in result.